# FRANKLIN H. JANES

*v.*

# PEOPLE OF PORTO RICO.

---

### ANNULMENT OF CONTRACT—DEMURRER—DAMAGES.

1. When a declaration asks for recovery of alleged profits that would have arisen from the full performance of a contract, but does not allege that such contract was wrongfully terminated by the defendant, a special demurrer will lie.

2. The plaintiff may, however, recover for what he has actually done and furnished; and defendant cannot defeat this by an annulment of the contract under a mere right to annul it.

October 23, 1903.

---

*Mr. Pettingill* for plaintiff.

*Mr. Feuille,* Assistant Attorney General, for defendant.

---

*Damages—loss of profits.* The authorities dealing with loss of profits as an element of damages for breach of a contract are fully presented and discussed in editorial note to Wells v. National Life Asso. 53 L. R. A. 33; while the loss of profits of sale or purchase as damages is similarly treated in editorial note to Guetzkow Bros. Co. v. A. H. Andrews & Co. 52 L. R. A. 209. Other questions involving loss of profits as element of damages are treated in the following editorial notes: *Damages for tort as affected by loss of profits,* note to Wallace v. Pennsylvania R. Co. 52 L. R. A. 33; *Damages for infringement of patents, copyrights, or trademarks as affected by loss of profits,* note to Rose v. Hirsh, 51 L. R. A. 801.

HOLT, Judge, delivered the following opinion:

In this action for damages the plaintiff, Franklin H. Janes, seeks to recover for labor done, material furnished, and necessary expenses of travel, in the construction of a pier of a bridge, which he undertook to build under a contract with the defendant, and which, it is averred in the declaration, the defendant, during the progress of the work, annulled, and thereby prevented plaintiff from completing the work. He also sues for alleged profits that he alleges would have arisen from full performance, as well as for his time for delays caused by defendant.

There is no averment that the defendant fraudulently or wrongfully or illegally terminated the contract, or that the plaintiff was thus prevented from completing it. The pleading is to be taken most strongly against the pleader, and it fails to aver any wrongful breach of the contract by the defendant.

If, however, the defendant had the right to annul the contract, it does not follow that plaintiff has no right to recover for what he has in fact done, furnished, and expenses incurred for the benefit of the defendant. The right to forfeit this did not accrue from any mere right to annul the contract.

There are no averments, however, sufficient to authorize a recovery for any loss of profit that plaintiff might have made if he had completed the work.

If one undertakes a work, and the other party to the contract wrongfully prevents the performance, a recovery may be had for what the contractor has already done or expended, and also the profits he might have realized from the completion of the work; the latter being measured by the difference in the cost of the work and what he was to get for it, and being capable of certain ascertainment. The profits must not be so remote or

Janes v. People of Porto Rico.

speculative, however, as not to be reasonably certain. It would be unconscionable, however, not to allow the party in a case like this one now presented to recover for the labor, material, and expense incurred for the benefit of the other party, and this action is to such extent maintainable, and it will be regarded as an action for such purpose.

The general demurrer is overruled, but the grounds of special demurrer relating to the recovery of alleged profits are sustained.